UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE MELENDEZ, | Case No. CV 10-01930-JEM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On December 15, 2010, Irene Melendez ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on June 15, 2011. On September 20, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 59 year old female who applied for Social Security Disability Insurance benefits on October 6, 2005, alleging that she has been unable to work due to a herniated disc and fibromyalgia, among other things.[1] (AR 86.) Plaintiff alleges a disability onset date of December 16, 2003. (AR 509.)

Plaintiff's claims were denied initially by the Social Security Administration ("SSA") on December 30, 2005, and on reconsideration on March 16, 2006. (AR 46-50, 59.) Plaintiff filed a timely request for hearing, which was held on March 20, 2008, in San Bernardino, California, before Administrative Law Judge ("ALJ") Mason Harrell, Jr. (AR 505-523.) Plaintiff testified at the hearing and was represented by counsel. (AR 507.)

An unfavorable decision written by ALJ F. Keith Varni was issued on April 11, 2008. (AR 15-22.) The ALJ determined that the Claimant suffers from "a severe impairment in the musculoskeletal system from degenerative changes in the spine," but found her fibromyalgia not severe. (AR 17-18.) The ALJ assessed Claimant with a residual functional capacity ("RFC")[2] to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). (AR 19.) In particular, the ALJ found that Claimant is capable of performing her past relevant work as a billing administrator. (AR 22.) The ALJ therefore concluded that Claimant has not been under a disability within the meaning of the Social Security Act from December 16, 2003, through the date of the decision. (AR 22.)

By Judgment and Memorandum Opinion and Order dated March 30, 2010, this Court reversed the decision of the Commissioner and remanded the matter for further proceedings. Specifically, this Court found that the ALJ's determination that Plaintiff's fibromyalgia was not a medically determinable severe impairment was unsupported by substantial evidence.

---

[1] Although Plaintiff indicated in her initial application for benefits that she also suffered from phlebitis, skin lupus, acid reflux, and a possible problem with her left kidney (AR 86), it appears that she no longer contends that these conditions are disabling for purposes of this appeal.

[2] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

2

A remand hearing was held on September 1, 2010, in San Bernardino. (AR 527.) The Claimant appeared and testified, and was represented by a non-attorney advocate. Vocational Expert ("VE") Joseph Mooney also testified. By written decision dated September 17, 2010, the ALJ, incorporating the earlier decision, now found that Plaintiff's fibromyalgia was severe but that she nonetheless retains the capacity for a reduced range of light work, including all her past relevant work, and that she is therefore not disabled. (AR 527-31.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the finding that Plaintiff's fibromyalgia allows for the performance of a slightly reduced range of light work is based on a legally proper rejection of the residual functional capacity assessments of treating internist Dr. Salwan.

2. Whether the ALJ's finding that Plaintiff's claim of disability is not credible is based on a proper application of the relevant legal standards and is otherwise supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). RFC is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant

4

evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

On remand, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 16, 2003, the alleged onset date, through her date last insured of December 31, 2008. (AR 529.)

At step two, the ALJ found that Plaintiff has the medically determinable severe impairments of degenerative changes in the spine and fibromyalgia. (AR 529. )

At step three, the ALJ determined that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments. (AR 529.)

The ALJ then found that the Plaintiff had the RFC to perform less than the full range of light work:

> Specifically, she could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk (with normal breaks) 6 hours in an 8-hour workday; and sit (with normal breaks) 6 hours in an 8-hour workday. She could occasionally perform such postural activities as climbing, balancing, stooping, kneeling, crouching, and crawling. She could handle

with her right upper extremity frequently and with her left upper extremity without limitation. She could not work in concentrated exposure to temperature extremes or hazards such as dangerous machinery or heights.

(AR 529-30.) The ALJ also made an adverse credibility determination to the extent Plaintiff's subjective symptoms are inconsistent with the above RFC.

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work. (AR 531.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 531.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's adverse credibility decision is based on clear and convincing reasons supported by substantial evidence. The ALJ properly rejected Dr. Salwan's testimony and RFC. The ALJ's RFC is supported by substantial evidence.

**I.      THE ALJ'S RFC**

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e)(2). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

The ALJ's original April 11, 2008, decision did not regard Plaintiff's fibromyalgia as severe and assessed Claimant with an RFC for the full range of light work. (AR 17-19.) On remand, the ALJ found Plaintiff's fibromyalgia to be severe and modified his light work RFC to incorporate significant limitations. (AR 529-31.) Notwithstanding these new limitations, the ALJ found that Plaintiff could perform her past relevant work. (AR 531.)

## II. THE ALJ'S ADVERSE CREDIBILITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff first challenges the ALJ's RFC on the basis that the ALJ improperly discounted her credibility. In the ALJ's original decision, the ALJ held that Plaintiff's subjective symptoms were not credible to the extent that they were inconsistent with the ALJ's RFC (AR 19, 21-22.) The ALJ found discrepancies between Claimant's alleged subjective symptoms and the medical evidence. (AR 21.) Specifically, "[t]he claimant's self-assessment that she can lift up to five pounds, stand or walk five to ten minutes, or sit 10 to 15 minutes (while later testifying she saying drives up to half hour at a time) is exaggerated in its limitations and unsupported by any clinical or diagnostic evidence." (AR 21.)

The ALJ on remand continued to discount Plaintiff's credibility to the extent inconsistent with the revised RFC:

> The undersigned has again reviewed the medical evidence in light of the additional severe impairment of fibromyalgia and finds that there is no evidence that the claimant's residual functional capacity was further reduced from that assessed by the State Agency reviewing physicians in Exhibit 1F and in the previous administrative law judge decision. The record does not reflect any persistent neurological deficits or arthritic stigmata. The claimant has retained adequate range of motion. Her treatment has been mild and conservative and nowhere is it noted to be insufficient or inadequate to control the claimant's subjective complaints. The claimant's asserted degree of functional limitations, even when the fibromyalgia symptoms are included, are not well supported by the clinical examinations, treatment notes, radiological studies, or laboratory findings. There have been no disturbances of gait and the claimant has never required assistive devices for ambulation. She has always been able to care for her personal needs.

    The testimony on remand was substantially the same as before. The claimant testified that she still drives and that she renewed her California driver's license in 2008.

    After careful consideration of the evidence, the undersigned finds that the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are credible only to the extent that they are consistent with the residual functional capacity assessed herein.

(AR 530-31.)

Plaintiff asserts that the ALJ's adverse credibility determination does not meet the legal standards for rejecting subjective symptom testimony. The Court disagrees.

**A. Relevant Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to produce her alleged subjective symptoms. (AR 19.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the assessed RFC. (AR 19, 531.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ gave three reasons for discounting Plaintiff's credibility. First, the ALJ found no support for Plaintiff's alleged disabling limitations in the medical evidence, clinical examinations, treatment notes, or diagnostic results. (AR 21, 530-31.) An ALJ may not reject subjective symptom testimony based solely on lack of objective evidence. Bunnell, 947 F.2d at 345 ("once the claimant produces objective evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence") (emphasis added); Rollins v. Massanari, 261 F.3d at 857 (subjective testimony cannot be rejected on the "sole" ground that the objective medical evidence is lacking). Thus, even though not determinative of the severity of pain by itself, medical evidence is nonetheless relevant to the ALJ's decision on severity. Id. ("The medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects"); Smolen, 80 F.3d at 1285 (SSR 88-13 requires the adjudicator to give "full consideration to all of the available evidence, medical and other") (SSR 88-13 is now 96-7p and also included in 20 C.F.R. § 404.1529 (c)(3) and § 416.929 (c)(3)).

Plaintiff challenges the ALJ's reliance on the medical evidence because fibromyalgia cannot be proven by objective medical evidence. Benecke v. Barnhart, 379 F.3d 587, 589-90 (9th Cir. 2004). The diagnosis of fibromyalgia, however, is not in dispute. The ALJ relied on medical reports and clinical findings to demonstrate that Plaintiff did not exhibit limitations consistent with her subjective symptoms. The ALJ found that Plaintiff had no persistent neurological deficits or arthritic stigmata, she retained adequate range of motion, and had no

disturbances of gait or need of assistive devices to ambulate. (AR 530-31.) She had normal range of motion and no spasm during a May 2007 clinical examination. (AR 451.) An April 2007 exam revealed normal lumbar and cervical range of motion with normal neurological findings. (AR 455.) The fact that objective medical evidence cannot prove the existence of fibromyalgia does not mean it is irrelevant or cannot be used to demonstrate a lack of functional limitations during clinical examination in considering credibility. A diagnosis of fibromyalgia is not a free disability card that renders all medical evidence irrelevant for all purposes.

Second, Plaintiff is wrong in asserting that the ALJ relied solely on the medical evidence in discounting Plaintiff's credibility. The ALJ also noted that Plaintiff had received only mild and conservative treatment and "nowhere is it noted to be insufficient or inadequate to control the claimant's subjective complaints." (AR 530.) Plaintiff has been prescribed physical therapy and antidepressants to manage her fibromyalgia (AR 193, 197, 212-13, 217, 218) but did not pursue other low cost recommended forms of treatment such as yoga, mediation, and pool therapy. (AR 455-56.) She did not attend a depression class or support group and did not try a recommended medication. (AR 207.) There was little evidence of treatment in the record since 2008. (AR 530.) The ALJ reasonably could infer that Plaintiff was generally able to manage her symptoms without additional intervention, particularly in view of the fact that she had no decreased range of motion or functional limitations and suffered only a single flare-up of her fibromyalgia recently (AR 455-56). Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ reasonably inferred claimant's pain not as disabling as alleged because alternative or more tailored program not pursued). Routine and conservative treatment is a valid basis for discounting a plaintiff's credibility. Parra, 481 F.3d at 750-51.

Third, the ALJ cited inconsistences between Plaintiff's conduct and her alleged symptoms, which is a valid basis for discounting a claimant's testimony. Light v. Comm'r of Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). Here, the ALJ found Plaintiff's testimony that she could lift only five pounds, stand or walk for five to ten minutes, and sit 10 to 15 minutes to be exaggerated, particularly given her testimony that she drives up to a half hour at a time. (AR 21.) At the remand hearing, she testified she still drives and renewed her driver's

1  license in 2008.  (AR 531.)  She also testified at the 2010 hearing that she could stand 30 to 45
2  minutes.  (AR 547.)  When the ALJ referred to her earlier testimony that she could stand only 5
3  to 10 minutes, Plaintiff responded that she "was giving an honest opinion." (AR 548.)  Plaintiff,
4  however, then affirmed the same extreme limitations she previously asserted.  (AR 548.)

The ALJ's reasons for discounting Plaintiff's credibility are clear and convincing and supported by substantial evidence.

### III. THE ALJ PROPERLY REJECTED DR. SALWAN'S RFC ASSESSMENT

Plaintiff next challenges the ALJ's RFC based on the more restrictive RFC of Plaintiff's treating physician Dr. Arvind Salwan.  (AR 497-504.)  His RFC indicated Plaintiff could sit, stand or walk only one hour in an eight hour day and can lift and carry only five pounds.  (AR 499-500.)

In his original decision, the ALJ gave minimal weight to Dr. Salwan's March 17, 2008, multiple impairment questionnaire:

> Firstly, there is no evidence that Dr. Salwan would be considered a valid treating source because the claimant's admitted treatment with him has been minimal.  She testified she saw this doctor once in 2007 and twice this year.  Next, this form is blatantly conclusory; it cites no supporting clinical or diagnostic evidence, is accommodative and exaggerated and certainly is not persuasive.  And, I give it reduced weight because the responses are hyperbolic limitations without further explanation, contained in a form consisting largely of checked boxes that was formulated by the claimant's attorney.  While the doctor attempts to limit the claimant to less than sedentary activities, I do not see in the medical records and evidence decreased range of motion, spasm, neurological deficits, or arthritic stigmata.  The claimant's current treatment is mild and conservative and the only medication she takes for her musculoskeletal complaints is one muscle relaxer taken before bed.  She denied having side effects of medications and

```
                she takes no analgesic or NSAI medications according to the list she
                brought to the hearing.
```
(AR 21.)

On remand, the ALJ noted that the only new medical evidence submitted in support of Claimant's application was the note of an office visit with Dr. Salwan dated August 18, 2010. (AR 530.) The ALJ found that Dr. Salwan's note "contains no objective clinical, radiological, or laboratory findings and is basically a restatement of Dr. Salwan's assessment in March, 2008. Since the new medical report is well after the date last insured, it is of limited relevance." (AR 530.)

Plaintiff asserts that the ALJ improperly rejected Dr. Salwan's RFC. The Court disagrees.

**A.     Relevant Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Conversely, an ALJ is not required to give controlling weight to a treating physician's opinion unless it is well supported and not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p.

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

## B. Analysis

The administrative record contains documentation of Claimant's severe medical impairment of fibromyalgia, the diagnosis of which is no longer in dispute. Claimant's primary treating physicians Dr. Yee, Dr. Patel and Dr. Rasin and nurse practitioner Smith, however, did not provide RFC assessments. Only Dr. Arvind Salwan, an internist who saw Plaintiff only a few times, did so. The ALJ gave minimal weight to Dr. Salwan's opinion.

First, the ALJ gave "minimal consideration" to Dr. Salwan's RFC assessment because the treating relationship was limited. Dr. Salwan saw Plaintiff on but three occasions before the last hearing, once in 2007 and twice in 2008. (AR 21.) There were no treatment reports for 2008, 2009 and 2010 save for Dr. Salwan's 2008 questionnaire and his August 2010 treatment

note discussed below. As a result, the ALJ questioned whether Dr. Salwan is properly considered a treating source. (AR 21.) He certainly is, but the ALJ appropriately may consider the length of the treating relationship and the frequency of examination in deciding what weight to accord to his opinions. 20 C.F.R. § 404.1527(d)(2)(i).

Second and more importantly, the ALJ rejected Dr. Salwan's March 17, 2008, multiple impairment questionnaire for the following reasons:

> . . . this form is blatantly conclusory; it cites no supporting clinical or diagnostic evidence, is accommodative and exaggerated and certainly is not persuasive. And, I give it reduced weight because the responses are hyperbolic limitations without further explanation, contained in a form consisting largely of checked boxes that was formulated by the claimant's attorney. While the doctor attempts to limit the claimant to less than sedentary activities, I do not see in the medical records and evidence decreased range of motion, spasm, neurological deficits, or arthritic stigmata.

(AR 21.) An ALJ may reject a treating physician's opinion if it is brief, conclusory and unsupported by rationale or treatment notes or objective medical evidence. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (treating physician notes did not provide objective evidence of alleged limitations); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (same); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected check box opinions that did not have any explanation or basis). The ALJ's evaluation of Dr. Salwan's questionnaire is not unreasonable and the Court may not second guess it. Rollins, 261 F.3d at 857 (ALJ's interpretation if it is reasonable should not be second guessed).

Claimant argues that Dr. Salwan's opinion cannot be rejected for lack of objective medical evidence such as laboratory and diagnostic test results because there are no laboratory tests to confirm a diagnosis of fibromyalgia. Benecke v. Barnhart, 379 F.3d 587, 590-91 (9th Cir. 2004). Claimant overstates and misapplies the law. Objective tests cannot establish the presence or absence of fibromyalgia but myelograms and other tests are

administered to rule out other diseases and alternative explanations for the pain. Jordan v. Northrop Grumman Corp., 370 F.3d 869, 873, 877 (9th Cir. 2003). There is no indication that Dr. Salwan conducted any such tests. Dr. Salwan also provides no explanation or reasons for his check-box limitations. Dr. Salwan found severe weaknesses, paresthesia and neuropathy (AR 497, 498, 500) but Dr. Patel and Dr. Raisin reported no neurological abnormalities, no weaknesses and normal strength and range of motion. (AR 451, 455, 459.) As the ALJ found, Dr. Salwan's RFC is "accommodative" and based on Plaintiff's discredited subjective complaints. Tonapetyan, 242 F.3d at 1148-49 (treating physician's opinion based on subjective complaints of claimant whose credibility has been discounted are properly disregarded); Morgan, 169 F.3d at 602 (same); Andrews, 53 F.3d at 1063 ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have been disregarded"). Dr. Salwan's August 18, 2010, treatment note fares no better because it "contains no objective clinical, radiological, or laboratory findings and is basically a restatement of Dr. Salwan's assessment in March 2008." (AR 530.)

      Third, in rejecting Dr. Salwan's opinion, the ALJ properly relied on and adopted the RFC assessment of State agency review physician Dr. Taylor-Homes. (AR 141-148.) Although Dr. Taylor-Homes did not examine Plaintiff, he did review the record. The opinion of a non-examining, non-treating physician can serve as substantial evidence when it is consistent with and supported by other independent evidence in the record. Morgan, 169 F.3d at 600. Plaintiff does not contend that Dr. Taylor-Homes' opinion is unsupported by other independent evidence of record or does not constitute substantial evidence. The record does not reflect any persistent neurological deficits or arthritic stigmata, and Claimant has retained adequate range of motion. (AR 530.) She had normal range of motion and no spasm during a May 2007 clinical examination. (AR 451.) An April 2007 exam revealed normal lumbar and cervical range of motion with normal neurological findings. (AR 455.) Dr. Taylor-Holmes acknowledged Plaintiff's fibromyalgia but determined that she was stable with no systemic involvement (AR 142) and assessed the RFC adopted by the ALJ. Dr. Taylor-Holmes' RFC is substantial

evidence that contradicts the RFC of Dr. Salwan. Therefore, the ALJ need only present specific, legitimate reasons for rejecting Dr. Salwan's RFC.

Finally, the ALJ rejected Dr. Salwan's opinion because Plaintiff's treatment was mild and conservative as already discussed. (AR 21.)

Dr. Salwan's opinion was neither well supported nor consistent with other evidence of record and certainly is not controlling. The ALJ's reasons for rejecting Dr. Salwan's RFC were both clear and convincing, and specific and legitimate, and supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed and this case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 20, 2011  */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE